**Arthur LIEBERS, Plaintiff–Appellant,**

v.

**ST. ALBANS MEDICAL CENTER, Defendant–Appellee.**

**No. 00–6108.**

United States Court of Appeals, Second Circuit.

March 23, 2001.

---

* The Honorable Reena Raggi of the United States District Court for the Eastern District of New York, sitting by designation.

Arthur Liebers, Flushing, NY, pro se.

Deborah B. Zwany, Paul Kaufman, Assistant United States Attorneys, Brooklyn, NY; Loretta E. Lynch, United States Attorney for the Eastern District of New York, for appellee.

Present SOTOMAYOR, and KATZMANN, Circuit Judges, BERTELSMAN,\* District Judge.

## *SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from the order of the United States District Court for the Eastern District of New York (John Gleeson, *J.*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the order of the district court is AFFIRMED.

Plaintiff Arthur Liebers appeals from an order of the United States District Court for the Eastern District of New York (John Gleeson, *J.*) dismissing his case against St. Albans Medical Center, a Division of the Department of Veterans Affairs, for lack of subject matter jurisdiction. *Liebers v. St. Albans Medical Center,* No. 99–CV–6534(JG), 2000 WL 235717, at \*1 (E.D.N.Y. Feb.25, 2000).

Plaintiff commenced this action seeking damages under the Federal Tort Claims Act ("FTCA"), alleging that the defendant damaged and lost his dentures and failed to provide him with adequate transportation to and from the Medical Center. The district court dismissed plaintiff's suit for

\* The Honorable William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

lack of subject matter jurisdiction, stating that Liebers failed to exhaust his administrative remedies and that the determination of transportation benefits was not subject to judicial review. On appeal, Liebers argues that the Federal Government is "responsible and liable" for the losses caused by the disappearance of his dentures. He also argues that the FTCA mandates transportation benefits for veterans receiving treatment at the Medical Center.

 The law is clear, however, that veterans seeking compensatory damages under the FTCA are required to exhaust their administrative remedies prior to filing suit. *See Keene Corp. v. United States,* 700 F.2d 836, 840–42 (2d Cir.1983); *see also* 28 U.S.C. § 2675(a). Plaintiff's failure to present his federal tort claims to the Department of Veterans Affairs is a jurisdictional defect. *Id.* Finally, even assuming *arguendo* that Liebers was entitled to the benefit of transportation, "the decision of the Secretary [of Veteran Affairs] as to any such question [regarding benefits] shall be final and conclusive and may not be reviewed by any other official or by a court." 38 U.S.C. § 511(a).[1]

We therefore hold that because plaintiff failed to exhaust his administrative remedies and because benefit determinations are not subject to judicial review, the district court's order dismissing this case for lack of subject matter jurisdiction is AFFIRMED.

---

1. It is troubling that the Government has failed to delineate precisely the steps Liebers must take to receive adequate hospital transportation. While that failure does not cure the jurisdictional defect, we are confident that if Liebers contacts his adversary, the Government will provide him with the information he needs.